IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DEVON INGRAM,<br>      Plaintiff,<br><br>      vs.<br><br>ANDREW F. FISH,<br>      Defendant. | C.A. No. 09-204 Erie<br><br>Magistrate Judge Baxter |

**OPINION AND ORDER**

United States Magistrate Judge Susan Paradise Baxter.

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On August 12, 2009, Plaintiff Michael Devon Ingram, an inmate incarcerated at the Venango County Prison in Franklin, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendant is Judge Andrew F. Fish, of the Magisterial District Court 28-3-01, Venango County, Pennsylvania.

In his complaint, Plaintiff claims that he was arrested on May 8, 2009, for possession with intent to deliver, possession, and possession of drug paraphernalia, for which Defendant set bail at $ 150,000.00. (Complaint at ¶ 6). Plaintiff alleges that he was twice denied requests for bail modification by the Venango County Court of Common Pleas, on June 1, 2009, and July 21, 2009. (Id. at ¶¶ 9-10, and attached exhibits).

On June 3, 2009, tests on the alleged controlled substance confiscated from the Plaintiff revealed that no controlled substance was detected. As a result, Plaintiff was re-charged on July 30, 2009, with new counts of criminal conspiracy, delivery of non-controlled substance, criminal attempt to deliver a non-controlled substance, possession with intent to use drug paraphernalia, and driving while operating privilege is suspended or revoked. (Id. at ¶ 11).

Plaintiff claims that the bail of $150,000.00 ordered by Defendant on May 8, 2009, was excessive under the eighth amendment to the United States Constitution. As relief for his claim, Plaintiff seeks, *inter alia*, injunctive relief in the form of an order requiring Defendant to "grant a

reasonable amount of bail less than $150,000.00, and monetary damages. (Id. at ¶¶ 16-19).

On November 12, 2009, Defendant filed a motion to dismiss the complaint, arguing that Plaintiff's claims are barred by the doctrine of absolute judicial immunity and the Rooker-Feldman doctrine. [Document # 12]. Despite being given ample time to do so, Plaintiff has failed to file a response to Defendant's motion. Instead, he filed a letter, which purports to disclose names of drug dealers rather than address the points in Defendant's motion to dismiss. [Document # 18]. The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [Document ## 2, 16]. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by Plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___

U.S. at \_\_\_, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, No. 07-cv-528, 2008 WL 482469, at *1 (D.Del. Feb. 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 (internal quotations omitted).

Recently, the United States Court of Appeals for the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

3

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11 (3d Cir. 2009) (internal quotations and citations omitted) (emphasis added).

In ruling upon the Defendants' motions to dismiss, the Court may consider and take judicial notice of the docket sheets and court records in Plaintiff's cases before the state court, specifically those in the Court of Common Pleas of Erie County at docket number CP-25-SA-0000031-2007 and the Superior Court of Pennsylvania at docket number 882 WDA 2007. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment."); Anspach v. City of Philadelphia, 503 F.3d 256, 273 n.11 (3d Cir. 2007) (court may take judicial notice of public records when ruling on Rule 12(b)(6) motions to dismiss).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. Absolute Judicial Immunity

Defendant asserts that he is immune from Plaintiff's claim for monetary damages under the doctrine of absolute judicial immunity. The Court agrees. It is well-settled that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, it is beyond question that Defendant was acting in his judicial capacity and within his jurisdiction when he set Plaintiff's bail. Thus, Plaintiff's claim for monetary damages against Defendant is barred by the doctrine of absolute judicial immunity and will be dismissed.

#### 2. Rooker-Feldman Doctrine

To the extent Plaintiff is seeking declaratory and injunctive relief, Defendant argues that the Court lacks jurisdiction to grant the relief requested under the Rooker-Feldman doctrine.[1] The Rooker-Feldman doctrine prohibits federal courts "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). A constitutional claim is "inextricably intertwined" with the particular state court decision if granting the plaintiff's requested relief would "effectively reverse [the] state court's decision or void its ruling." FOCUS, 75 F.3d at 840. The bar imposed by the Rooker-Feldman doctrine applies if, in order to grant the relief Plaintiff requests, the Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual." Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Here, Plaintiff claims that his Eighth Amendment rights were violated by the allegedly excessive bail order issued by Defendant on May 8, 2009. As relief, Plaintiff is essentially asking this Court to conduct a *de novo* review of the bail order to determine whether it is unconstitutionally excessive and, if so, to order Defendant to re-set bail at a lesser, more "reasonable" amount. However, Plaintiff has already raised similar challenges in his two bail modification requests in the state court, and both were denied. Thus, granting the requested relief here would render ineffectual both Defendant's bail order and the subsequent state court decisions denying modification of bail. Plaintiff cannot seek review of Defendant's bail order in this court under the guise of a civil rights claim when his state court requests seeking the same relief have already been denied. Such review is barred by the Rooker-Feldman doctrine.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Document # 12] is GRANTED

The Clerk is directed to mark this case closed.

6

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: August 5, 2010